IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROMMELL A. RIGGINS #318-857
    Plaintiff                    :

  v.                                                  :  CIVIL ACTION NO. PJM-09-3213

J. MICHAEL STOUFFER          :
                Defendant

## **MEMORANDUM OPINION**

Plaintiff Rommell A. Riggins, a Maryland Division of Correction prisoner currently confined at the Maryland Correctional Institution at Hagerstown, filed a civil rights action pursuant to 42 U.S.C. §1983 seeking money damages for alleged violations of due process and equal protection that resulted in destruction of his personal property.[1]  Specifically, Plaintiff complains that Defendant, the Commissioner of Correction, is liable because Defendant denied compensation to Plaintiff but approved compensation for fellow prisoner Kenneth L. Longus whose property was confiscated and destroyed under similar circumstances.

Defendant has filed a Supplemental Motion for Summary Judgment arguing, *inter alia*, that the facts of Plaintiff's and Longus's cases were factually different and the instant case should be dismissed on *res judicata* grounds. ECF Nos. 38 and 45.  The dispositive motion is opposed by Plaintiff.  ECF No. 55.  No hearing is necessary to resolve the due process issues raised herein.[2]  *See* Local Rule 105.6 (D. Md. 2011).

---

[1] While Plaintiff takes issue with Maryland Division of Corrections' practice concerning disposition of property for long-term segregation prisoners, he does not specifically challenge the constitutionality of regulations and directives concerning same.

[2] Plaintiff requests appointment of counsel.  ECF No. 54.  Under § 1915(e)(1) a court of the United States has the discretion to request an attorney to represent any person unable to afford counsel.  The appointment of counsel in such situations may be considered where an indigent claimant presents exceptional circumstances.  *See*

1

**Background**

The material facts surrounding this case are not contested. On August 4, 2008, while housed at the Eastern Correctional Institution (ECI), Plaintiff was given a Notice of Infraction and charged with violating institutional rules concerning threatening language, disrespect, disobeying a direct lawful order and interfering with correctional personnel in the performance of their duties. *See Riggins v. Green, et al.,* Civil Action No. PJM-09-289, ECF No. 14, Memorandum at 2 and ECF No. 11, Exhibit 2. Plaintiff was convicted of three of the rules and sentenced to 365 days of disciplinary segregation.[3] Id., ECF No. 11, Exhibits 1 and 2.

Plaintiff alleges here (as well as in the earlier case) that his personal property was wrongfully seized as contraband and destroyed without prior hearing based on Division of Correction ("DCD") 220-004. The facts do not support this statement. Effective June 3, 2008, DCD 220-004 was amended as follows:

> If the confiscation of property is not associated with a Notice of Inmate Rule
> Violation and Disciplinary Hearing, or if forfeiture is not addressed as part of
> a formal disciplinary hearing per DCD 105-7, an administrative hearing will be
> held to specifically address the question of forfeiture….

ECF No. 51, Exhibit 2. Plaintiff's property was not seized because it was inappropriate or banned; rather, it was taken from him because he was charged with and convicted of serious rule violations and sentenced to a lengthy disciplinary segregation sentence during which he was

---

*Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*. Plaintiff is a knowledgeable prison litigator with the wherewithal to present the factual and legal allegations in his Complaint and motions and the issues arising in this action do not involve complicated issues for review. Plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the request for appointment of counsel is denied.

[3]The propriety of the adjustment conviction is not at issue here.

permitted to possess only limited items of personal property. Under ECI Institutional Directive ("ID") 110-6-1.VI.F.4, a prisoner receiving a segregation sentence exceeding 150 days shall have most of his property mailed out of the prison at his own expense or donated within the prison.[4] ECF No. 51, Exhibit 4 at 20. Property not mailed out or donated is considered abandoned after 30 days. With the exception of photographs of family and friends, abandoned property may be destroyed.[5] *Id*.

The propriety of the taking has been fully and finally litigated in Plaintiff's previous action and will not be relitigated here. What remains at issue is whether Defendant violated Plaintiff's right to due process and equal protection by knowingly denying compensation to Plaintiff while awarding compensation to another individual under identical circumstances.

**Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

---

[4]Television, radios, CD players, typewriters, personal toothbrushes, razors, packaged food and soap powder are among the property not permitted in segregation areas. *See Riggins v. Green, et al.,* Civil Action No. PJM-00-289 (D. Md.), ECF No. 11, Exhibit 3, ECI ID 110-6-1.VI. F.1-4 and p.11; *see also* Exhibit 4, ECI ID 220-004-1.VI.j.7-8.

[5] As noted in the Memorandum Opinion in Civil Action No. PJM-09-289, Plaintiff contended he did not receive proper notice that his property would be deemed abandoned, a point disputed by Defendants. Plaintiff was aware, however, that possession of his property was imperiled, as he filed an Administrative Remedy Procedure (ARP) complaint concerning his property on August 31, 2008. Plaintiff was interviewed by Lt. Barnes on September 8, 2008. The ARP was denied at the institutional level and on appeal to the Commissioner of Corrections. The initial written denial of the ARP, dated September 15, 2008, informed Plaintiff that the property "will be held for thirty days for you to provide an address or the property will be considered contraband and destroyed. " On November 21, 2008, a second notice concerning property disposition was prepared. On December 18, 2008, the property was deemed abandoned. Rather than destroy the property, corrections officials donated it for institutional use. On March 12, 2009, Plaintiff's claim, filed with the Maryland State Treasurer's Office under the Maryland Tort Claims Act, was denied. Plaintiff complained that as his institutional infractions were not based on possession of contraband or a violation of the institution's property rules, his property should not have been confiscated and deemed abandoned. He noted that the hearing officer who adjudicated the notice of infractions did not specify property confiscation as one of the sanctions imposed. Plaintiff also contended that he should have received a hearing prior to the loss of his property and further argued that institutional rules were not followed with regard to the confiscation of his property, which was not destroyed but instead redistributed for use by other prisoners.

(1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

Kenneth Longus was reimbursed for his property because it was destroyed prior to the expiration of the thirty-day time period in which Longus could have designated a place for his property to be shipped. ECF No. 51, Exhibit 1 at 2-3; ECF No. 38, Exhibit 4 at 1, 3, 8-15. Record evidence in Civil Action No. PJM-09-289 shows that at the time Plaintiff's property was confiscated in late August of 2008, Plaintiff was notified (orally and/or in writing) of the reason for the confiscation and that the property would be destroyed if he did not act by providing prison personnel a forwarding address. A decision as to the disposition of the property appears to have been tabled while Plaintiff pursued administrative remedies within the prison and at Department of Corrections headquarters. A month later, the property was deemed abandoned but not destroyed: instead, it was donated to others within the institution. While the process may not have been seamless, it provided Plaintiff a sufficient period of time to avoid the consequences set forth in the Institutional Directive and complied with due process. Plaintiff chose not to act and suffered a loss as a result. Defendant's decision to award compensation to Longus, but to deny compensation to Plaintiff. was factually supported and did not run afoul of due process or equal protection.

Accordingly, a separate order shall be entered granting Defendant's dispositive motion and closing this case.

August 31, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE